UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CRAIG SINNET and DIANNE SINNET,<br><br>Plaintiff,<br><br>v.<br><br>EMPIRE COLLECTION AUTHORITIES, INC.,<br><br>Defendant. | Case No. 2:11-cv-00248-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiffs' Motion for Default Judgment (Dkt. 7), which includes a request for attorney fees and costs. For the reasons stated below, the Court will grant the Motion in part, and deny in part.

### BACKGROUND

Plaintiffs filed this action alleging violations of the Fair Debt Collection Practices Act (FDCPA), including that Defendant called and demanded payment from Plaintiffs for an alleged debt, and threatened to take Plaintiffs to small claims court. *Compl.*, Dkt. 1. Defendant was personally served with the summons in this action on June 9, 2011 (Dkt. 3), and failed to answer or otherwise respond. On Plaintiffs' motion (Dkt. 4), the Clerk

**MEMORANDUM DECISION AND ORDER - 1**

of Court entered an order pursuant to Rule 55(a), defaulting Defendant (Dkt. 6). Plaintiffs now bring this Motion seeking default judgment in the amount of $5,865.00, for statutory damages, attorney fees, and costs of service.

## DISCUSSION

1.  **Default Judgment**

    A.  **Legal Standard**

Where a party against whom judgment is sought has failed to plead or otherwise defend, the party seeking relief must first secure an entry of default, and then may apply to the court for default judgment. Fed. R. Civ. P. 55. Where a party is in default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)). Thus, for purposes of default judgment, the court need not enter findings of fact, except as to damages, which are not at issue here. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

Whether to enter default judgment is in the sole discretion of the court. *See Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956). In *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), the Court identified seven factors for the court to consider in exercising its discretion to enter default judgment: (1) potential prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the amount at stake in the action; (5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules favoring a decision on the merits. *Id.* at 1471-72. "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

B.     **Default Judgment Is Appropriate**

Applying the *Eitel* factors, the Court first examines the possible prejudice to Plaintiffs if judgment is not entered. Plaintiffs cite the public policy favoring enforcement of the FDCPA – "to eliminate abusive debt collection practices . . . [and] protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Also, the FDCPA specifically provides that an award of fees is mandatory, so as to fulfill Congress's intent that debtors enforce the Act as 'private attorneys general.' *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The Court here finds that Plaintiffs would be prejudiced if judgment is not entered, from having undertaken the costs and effort of pursuing this action. Thus, this factor weighs in favor of default judgment.

The second and third factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The Court finds that the allegations in the Complaint adequately establish the merits of Plaintiffs' claim. Therefore these factors weigh in favor of entering default judgment. Given that the well-pleaded allegations of the complaint are taken as true, and since Defendant has failed to appear, respond, or defend against the

complaint, the likelihood of a dispute regarding the material facts is given little weight. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). As such, the fifth factor – the possibility of a factual dispute – also weighs in favor of default judgment.

As to the sum at stake, the fourth factor, Plaintiffs seek a minimal amount – $5,865 – of which most is attorney fees. The Court thus finds that this factor does not weigh against default judgment. There is no indication of excusable neglect by Defendant, despite his having been properly served. The sixth factor therefore weighs in favor of default judgment. Finally, the Court recognizes the policy favoring a decision on the merits, but here finds that Defendant has had more than adequate time to come forward and assert any claims or defenses it has in this matter. Plaintiffs should not be impeded by Defendant's continued failure to appear in this action.

On examination of each of the factors, the Court concludes that default judgment against Defendant is appropriate.

### C. Judgment Amount

The FDCPA specifically provides for actual and statutory damages, as well as recovery of fees. 15 U.S.C. § 1692k(a). The Ninth Circuit has held that a plaintiff need not prove actual damages to be awarded statutory damages under the FDCPA. *Baker v. G.C. Serv. Corp.*, 677 F.2d 775, 780 (9th Cir. 1982). So long as the debt collector defendant has violated the Act, the court may award additional damages of up to $1,000.

*Id.*  In light of the statutory language and Ninth Circuit precedent, and given Defendant's failure to appear or respond in this action, the Court will award the $1,000 in statutory damages requested by Plaintiff.

**2.      Attorney Fees and Costs**

In addition to statutory damages, Plaintiff requests attorney fees and costs in the amount of $4,865.  The FDCPA is a 'fee-shifting' statute and provides that a successful litigant is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3); *Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003).  The Court agrees that Plaintiffs are a prevailing party, as discussed above, and thus an award of attorney fees and costs is appropriate.  The Court next looks to whether the requested fees and costs are reasonable.

"A district court should calculate [a] reasonable hourly rate according to the prevailing market ranges in the relevant community . . . which typically is the community in which the district court sits."  *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).  Plaintiffs submitted documents in support of their attorney fee request, including Declarations of counsel (Dkt. 7-3), timekeeping records (Dkt. 7-1), attorney biographies (Dkt. 7-2), and a Survey Report of U.S. Consumer Law Attorney Fees (Dkt. 7-4).

Having reviewed the documents, the Court finds that the services identified and hours spent are reasonable.  The hourly rate for attorney Robert Montgomery, who has more than 35 years of experience, and attorney Mahadhi Corzano , with roughly 4 years

of experience, are also appropriate. However, the Court will adjust downward the hourly rate for attorney John Barker, who has been practicing for roughly 11 years – 7 as a consumer attorney (Dkt. 7-2 at 2). Consistent with the Survey Report (Dkt. 7-4), and the Court's knowledge and familiarity with the prevailing rates in Idaho, the Court finds that $300 is a more reasonable hourly rate than the $350 requested. Also consistent with the Survey Report (Dkt. 7-4), the Court will adjust the hourly paralegal rate to $100 from the $125 requested.

Plaintiffs argue that their higher proposed rates are supported by the *Laffey* Matrix. However, courts in the Ninth Circuit have declined to apply that matrix; this Court agrees, and will also decline to follow the matrix in setting Plaintiffs' rates. With these adjustments, the Court finds that the reasonable attorney fees to which Plaintiffs are entitled totals $4,107.50.

In addition, Plaintiffs request $400 in filing fees and costs. Plaintiffs are entitled to their filing fees of $350, and any service fees under Dist. Idaho Loc. Civ. R. 54.1(c)(1); 28 U.S.C. § 1920. Plaintiffs' service fees in the amount of $65 are supported by an invoice provided by counsel (Dkt. 9-1). The Court will therefore grant Plaintiffs $415 in fees.

### ORDER

**IT IS ORDERED THAT:**

1. Plaintiffs' Motion for Default Judgment (Dkt. 7) is **GRANTED** in part, and **DENIED** in part.

**MEMORANDUM DECISION AND ORDER - 6**

2. Consistent with the above Memorandum Decision, Plaintiffs are awarded $1,000 in statutory damages, $4,107.50 in attorney fees, and $415 in costs, for a total judgment of $5,522.50.

3. Judgment will be entered separately.

DATED: April 26, 2012

B. Lynn Winmill
Chief Judge
United States District Court